**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| CHRIS E. MCGENSY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | **No. 3:12-CV-4860-L-BH** |
| | ) | |
| J.P. MORGAN CHASE BANK N.A., | ) | |
| et. al, | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge** |

<u>**FINDINGS, CONCLUSIONS AND RECOMMENDATION**</u>

Pursuant to the standing order of reference dated February 26, 2013, this case has been referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I.  BACKGROUND**

On November 29, 2012, one of the defendants removed this wrongful foreclosure action from state court on grounds of federal question jurisdiction. (*See* doc. 1.) On January 16, 2013, the Court entered a scheduling order that required the parties to file a joint status report concerning the status of settlement discussions by April 16, 2013.[1] (See doc. 7.) On that date, the defendants filed a status report contending that the plaintiff had failed to confer with them and participate in the filing of the

---

[1]Paragraph 10 of the *Scheduling Order* provides:

> 10. **Settlement Status Report and Settlement Conference**: Counsel, or the respective party if not represented by counsel, are **directed** to confer and file with the court by **April 16, 2013**, a joint report setting forth the status of settlement negotiations and the specific efforts made by the parties to resolve this case. If no efforts have been made, the parties must state the reasons why no settlement efforts have occurred.

(*Id.* at 6-7.)

status report required by the scheduling order.  (*See* doc. 6).  On April 17, 2013, the plaintiff was ordered to show cause in writing no later than May, 1, 2013, why he failed to comply with the scheduling order.  (*See* doc. 14.)  No response was received.

On June 3, 2013, the Court noted the appearance of new counsel for one of the defendants and ordered the parties to file another joint status report as provided by the scheduling order.  (*See* doc. 18.)  On June 10, 2013, the defendants filed a status report again contending that the plaintiff had not conferred with them or participate in the filing of the report as ordered.  (*See* doc. 19.)  On June 13, the Court issued a second order to show cause for the plaintiff's failure to comply with the scheduling order and the June 3, 2013 order.  (*See* doc. 20).  The plaintiff and his counsel were ordered to appear in person at a hearing why they should not be sanctioned for failure to comply with the *Scheduling Order* and the June 3, 2013 order, and they were required to confirm their attendance at the hearing two days before.[2]  *Id.*  Both the plaintiff and counsel failed to confirm their attendance for the hearing or to appear at the hearing.  Counsel for the defendants advised that numerous telephone calls and emails to the plaintiff's counsel had not been returned.  The plaintiff has filed anything in this case since January 7, 2013.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d

---

[2]The *Scheduling Order* provides for sanctions for failure to comply with its terms or other orders:

14. **Sanctions**: If counsel or any party fails or refuses to do anything required by this order, a mediation order, ***or any other order entered by the court***, such party or counsel, or both, may be subject to sanctions without further notice. These sanctions may include striking a party's witnesses or exhibits, striking a party's claims or defenses, dismissal of a party's claims, entry of default, payment of expenses by the offending party or attorney, or other sanctions the court deems appropriate. *See* Fed. R. Civ. P. 16(f).

(*Id.* at 9-10.)

1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  The plaintiff has failed to comply with several court orders despite being specifically warned that failure to do so could result in dismissal of this action.  Because he failed to follow a court order or otherwise show that he intends to proceed with his case, the plaintiff's case should be dismissed under Rule 41(b) for failure to prosecute or follow orders of the court.

### III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff shows cause in writing for his failure to comply with the Court's orders within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SIGNED this 21st day of June, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4